## State College Borough v. Jones et ux.

*N. B. Spangler*, for plaintiff.
*R. H. Gilbert* and *S. D. Gettig*, for defendants.

FLEMING, P. J., January 7, 1931.—This matter is before us upon a rule granted, at the petition of the defendants, requiring the claimant to show cause why it should not be required to file an affidavit showing what part of the municipal claim in question was for grading and what part thereof was for chips and tarvia placed upon the surface of the street when graded, as well as to show cause why the defendants should not be permitted to pay the money into court and to enter security in lieu of the claim.

The reasons advanced in the petition for the pending rule may be classified under two headings, viz., (1) those reasons attacking the validity of the lien, *in toto*, because of alleged failure upon the part of the claimant to adhere strictly to statutory requirements, and (2) those reasons which go directly to the merits of the amount claimed in the lien filed.

The purpose of the rule under consideration is not to determine the validity of the lien filed but to determine whether or not the claimant should be required to show, under oath, what portion of the amount claimed has been assessed for grading and what portion, if any, has been assessed for chips and tarvia placed upon the surface of the improvement. Had defendants elected to have the validity of the lien determined, their proper proceeding would have been to seek a rule to show cause why such lien should not be stricken off, whereupon, of necessity, testimony would be required showing what actual procedure was followed by the claimant in its effort to bind the property of the defendants for their proper share of the cost of the improvement. No such testimony is properly before us. A clear issue is joined by the averments of the petition and the denials of the answer as to a part of such procedure, while other essentials, necessary to be determined as matters of fact before passing upon such important questions, have not been raised by the petition in the instant case, and have, therefore, not been answered by the claimant. It is clear, therefore, that even though we were inclined to hold that the validity of the lien should be determined under the rule in question, which inclination is not ours, we could not do so under the present condition of the record.

But the real purpose of the rule is to determine whether the claimant should be required, under oath, to say how much of the amount claimed is for grading, and how much, if any, is for chips and tarvia placed upon the surface of the improvement, and to show cause why defendants should not be permitted to pay the money into court and enter security in lieu of the claim.

While we are of the opinion that the best practice for municipalities seeking to bind abutting properties, under the front foot rule, is to enact, as a final step in its corporate procedure, an ordinance disclosing the total number of feet upon which its calculation is based, the total cost of the improvement, the several items going to make up the total cost of improvement, the names of the several property owners to be charged on the particular improvement, the number of lineal feet charged to each and the amount of the respective assessment levied against each separate property owner, thus giving the party to be charged full and complete information, and enabling him properly to defend, if error or irregularity appear, nevertheless we fail to find any provision of any statute making such a procedure mandatory.

"Tax claims and municipal claims shall be prima facie evidence of the facts averred therein in all cases; and the averments in both tax and municipal claims shall be conclusive evidence of the facts averred therein, except in the particulars in which those averments shall be specifically denied by the affidavit of defense, or amendment thereof duly allowed:" Act of May 16, 1923, P. L. 207, section 20. The lien in this case has been filed against the premises described therein "for work, labor and material in the grading of the street." No mention is made of chips and tarvia or the surfacing of the street in any way. If such was done, the burden is upon the defendants to establish the fact by a fair preponderance of the evidence. The remedies of subpœna duces tecum and of calling the corporate officers of the claimant as on cross-examination are at their disposal. But this must be done in the manner provided by statute.

Section fourteen of the Municipal Lien Act of May 16, 1923, P. L. 207, provides as follows:

"Any defendant named in the claim, or any person allowed to intervene and defend there-against, may, at any stage of the proceedings, present his petition, under oath or affirmation, setting forth that he has a defense in whole or in part thereto, and of what it consists; and praying that a rule be

granted upon the claimant to file an affidavit of the amount claimed by him, and to show cause why the petitioner should not have leave to pay money into court; and, in the case of a municipal claim, to enter security in lieu of the claim; whereupon a rule shall be granted as prayed for. Upon the pleadings filed, or from the claim and the affidavit of defense, and without a petition where an affidavit of defense has been filed, the court shall determine how much of the claim is admitted or not sufficiently denied; and shall enter a decree that upon payment by such petitioner to the claimant of the amount thus found to be due, with interest and costs if anything be found to be due, or upon payment into court, if the claimant refuses to accept the same, and upon payment into court of a sum sufficient to cover the balance claimed, with interest and costs, or upon the entry of approved security in the case of a municipal claim, that such claim shall be wholly discharged as a lien against the property described therein, and shall be stricken from the judgment index. Thereafter the material, disputed facts, if any, shall be tried by a jury, without further pleadings, with the same effect as if a writ of scire facias had duly issued upon said claim, to recover the balance thereof; but the jury shall be sworn to try the issues between the claimant and the parties who paid the fund into court or entered security, and verdict, judgment and payment, or execution, shall follow as in other cases. The same course may be pursued at the instance of any owner, where the claim has not in fact been filed, and if, in that event, the petitioner complies with the decree made, the money paid into court or security entered shall stand in lieu of the claim and the latter shall not be filed, and if filed shall be stricken off upon motion."

It was under the provisions of the above statute that the defendants assumed to act in the presentation of their petition in the instant case. The lien filed states the amount claimed as $95.30, and the purpose of such demand to be a recovery of the cost of work, labor and material in the grading of that portion of West Fairmount Avenue, in the Borough of State College, upon which the property of the defendants, described in the lien filed, abuts. The allegation that chips and tarvia were included in the cost of grading has been specifically denied in claimant's answer to the rule. An issue of fact is, therefore, clearly joined. A further affidavit by the claimant would serve no purpose whatever. If defendants intend to admit that anything is due the claimant for grading they do not so aver in their petition, and we have nothing before us from which a decree could be entered directing, pursuant to the act, that an admitted portion of the claim be paid to the claimant or into court upon claimant's refusal to accept the same. The petition of defendants avers that they have a defense "to a part" of claimant's demand, but there is nothing therein contained from which we can determine what part is admitted. We have no other conclusion to reach, therefore, but that the whole sum is at issue and should be determined by a jury as the statute directs.

There can be no doubt that the defendants are entitled to have their property released from the lien of the municipal claim upon the payment of such claim, interest and costs into court, or the entry of approved security, as provided by statute. We will, therefore, pursuant to the provision of the statute above cited, enter the following decree:

And now, January 7, 1931, upon consideration of the whole record, that portion of the rule in question seeking to require claimant to file an affidavit of the amount claimed by it for grading West Fairmount Avenue, in the Borough of State College, abutting the property assessed and described in lien herein, and to show how much of the amount claimed·by it is for chips and

tarvia, is discharged, and that portion of the rule to show cause why defendants should not have leave to pay money in court or to enter security in lieu of the claim is made absolute, and the defendants are directed to pay into court the sum of $95.30, with interest from January 9, 1928, and costs to date, or to enter approved security in a penal sum of double the amount of such claim, interest and costs, and upon compliance with this direction by the defendants the said municipal lien shall be wholly discharged and the prothonotary shall, upon such compliance by the defendants as aforesaid, forthwith strike such lien from the judgment index; and it is further ordered that the defendants shall, within fifteen days from the date hereof, file an affidavit of defense to the averments of fact contained in said lien and that upon the filing of such affidavit of defense the matter shall be deemed at issue and the case forthwith placed upon the trial list for the determination of such issue or issues of fact by a jury in the manner prescribed by statute. In lieu of payment into court of such moneys or the entry of security as aforesaid and the filing of an affidavit of defense to the averments of fact contained in said lien, the said defendants may, within fifteen days from the date hereof, if they so elect, present their petition for a rule to show cause why such municipal lien should not be stricken from the record, for good and sufficient cause, if any they have. Costs to await determination of such rule to strike off or the verdict of a jury.